76262. WALKER et al. v. CASTELLO et al.
(369 SE2d 527)

Pope, Judge.

Defendant Battista, by and through her husband, entered into a contract with defendant Castello, an automobile dealer, for Castello to attempt to sell her Mercedes automobile. Plaintiffs Annie Mae and Jessie Walker negotiated with Castello to purchase the Mercedes. On June 5, 1985, the Walkers delivered the negotiated purchase price to Castello and took possession of the Mercedes. At the time of purchase, the Walkers were not aware the automobile was owned by a third party. Battista had given her consent to the sale only if she could obtain proceeds from the sale no later than June 5, 1985. When Battista's husband arrived at the dealership on June 5, he was told by Castello the sale could not be finalized for two to three months, the time it would take for Battista to obtain certain documents certifying the imported car had been converted to meet federal standards. These terms were not acceptable to Battista and she demanded either her money for the sale of the car or the return of the car. Castello persuaded the Walkers to return the car under the apparent pretense that he could obtain a certificate of title on the car only if it was returned for a few days. When the Walkers returned the car Castello delivered it to Battista and simply retained the proceeds of the sale. After repeated calls and visits by the Walkers, Castello claimed he could not obtain a certificate of title on the original automobile and offered to order them a brand new Mercedes in place of the car they had returned. The Walkers agreed. In the meantime, Castello permitted the Walkers to drive his wife's Mercedes. That car was repossessed by the bank. Castello never delivered another car to the Walkers and never refunded their money. Eventually, Castello pled guilty to a criminal RICO charge. Plaintiffs brought this action for breach of contract and conversion against defendants. Plaintiffs appeal the trial court's grant of summary judgment to defendant Battista and the denial of summary judgment to plaintiffs on their claim for conversion.

1. Plaintiffs' first two enumerations of error contend the court erred in denying their motion for summary judgment against defendant Battista on the claim for conversion. Plaintiffs are correct in arguing they obtained all the rights to the automobile originally held by

defendant Battista when they purchased the automobile from the dealer to whom it had been entrusted. See OCGA § 11-2-403 (2). Unfortunately, this ill-fated transaction did not end with the initial purchase and delivery of the car. After returning the car to the dealer in hopes this would enable him to obtain a proper certificate of title, plaintiffs eventually agreed to give up their claim to the automobile in exchange for the dealer's promise to order them a new and different automobile. This subsequent agreement with the dealer revoked any right or title plaintiffs had to the automobile in question and revested title back to the original owner, defendant Battista. See OCGA § 11-2-401 (4); *Tennessee-Va. Construction Co. v. Willingham*, 117 Ga. App. 290 (1) (160 SE2d 444) (1968). Therefore, defendant Battista's possession (and subsequent sale) of the automobile was lawful and plaintiffs are not entitled to summary judgment on their claim against Battista for unlawful conversion.

2. Plaintiffs' final two enumerations of error contend the court erred in granting summary judgment to defendant Battista. We agree with the trial judge that plaintiffs' only remedy for their loss is against defendant Castello and not against defendant Battista.

The record shows the agreement to order a new car in place of the automobile plaintiffs originally purchased was made solely between plaintiffs and defendant Castello. Defendant Battista was not a party to the agreement to order a new car. Absolutely no facts exist to support plaintiffs' claim that defendant Castello was acting as agent for defendant Battista in negotiating this separate agreement with plaintiffs since the only agreement between Castello and Battista concerned the consignment and sale of the original automobile. Plaintiffs' agreement to forego their rights to the original car they purchased and to order a new car through Castello would serve as a novation of the original purchase contract. The original contract for the purchase of Battista's Mercedes was at an end. It was the subsequent agreement to order a new car which was breached. Plaintiffs have no claim against defendant Battista for defendant Castello's failure to perform under the subsequent contract.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 18, 1988.

*Charles R. Desiderio*, for appellants.
*Carol V. Clark, Teresa L. Perrotta*, for appellees.